UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

KAREN WALKER,

Plaintiff,

v.  Case No. 8:26-cv-599-WFJ-NHA

MAXIMUS SERVICES LLC;

MAXIMUS FEDERAL SERVICES, INC.; and

MAXIMUS, INC.,

Defendants.

MAR 9 2026 AM 11:11
FILED - USDC - FLMD - TPA

COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff Karen Walker, proceeding pro se, alleges as follows:



## JURISDICTION AND VENUE

1.      This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., including 42 U.S.C. §§ 12112 and 12203, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., including 29 U.S.C. §§ 623 and 626.

2.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction over Plaintiff's Florida Civil Rights Act claim pursuant to 28 U.S.C. § 1367.

4.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 17, 2025, and received a Notice of Right to Sue on or about December 29, 2025. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

5.      More than sixty (60) days have elapsed since Plaintiff filed her charge alleging age discrimination, satisfying the ADEA's pre-suit timing requirement.

6. Plaintiff's charge was dual-filed and/or otherwise filed in a manner that constitutes a filing under the Florida Civil Rights Act ("FCRA"). Plaintiff has satisfied all statutory prerequisites and conditions precedent to bring an FCRA civil action, including applicable timing requirements.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred in Riverview, Hillsborough County, Florida, within the Tampa Division of the Middle District of Florida.

PARTIES

8. Plaintiff Karen Walker resides in Hillsborough County, Florida.

9. Plaintiff was employed by Defendants from August 23, 2009 until her termination on March 28, 2025.

10. Plaintiff was 73 years old at the time of her termination.

11. At all relevant times, Defendants were "employers" within the meaning of the ADA and/or ADEA.

12. At all relevant times, Defendants employed fifteen (15) or more employees for purposes of ADA coverage and twenty (20) or more employees for purposes of ADEA coverage.

13. Defendant Maximus Services LLC was Plaintiff's employer of record and issued Plaintiff's form W-2.

14. Upon information and belief, Defendant Maximus Federal Services, Inc. participated in Plaintiff's employment operations and human resources administration.

15. Upon information and belief, Defendant Maximus, Inc. is a parent corporation responsible for centralized employment policies, accommodation governance, and oversight of employment decisions affecting Plaintiff.

16. Upon information and belief, Defendants operated as a single integrated enterprise and/or joint employers and jointly exercised control over the essential

terms and conditions of Plaintiff's employment, including payroll, benefits, human resources, policy enforcement, discipline, and termination decisions.

FACTUAL ALLEGATIONS

17. Plaintiff has disabilities including severe mobility impairment and a medical condition affecting bladder function, which require reasonable workplace accommodations.

18. Defendants were aware of Plaintiff's disabilities and approved workplace accommodations, including an ergonomic chair and a workstation located near the restroom.

19. Despite the approval, Defendants failed to consistently enforce or maintain these accommodations. Coworkers repeatedly occupied Plaintiff's designated workstation and interfered with Plaintiff's medically necessary seating configuration.

20. Plaintiff notified supervisors and human resources on multiple occasions that her accommodations were being interfered with and that the interference caused physical strain and made it more difficult to perform her job.

21. Defendants failed to take adequate corrective action to ensure consistent enforcement of the approved accommodations.

22. Plaintiff's medical condition required additional restroom access time as a disability-related and medically necessary workplace need.

23. Defendants required Plaintiff to dock time in six-minute increments for medically necessary restroom use, which reduced Plaintiff's compensation, including overtime compensation.

24. Plaintiff requested that Defendants enforce her accommodations and address the workplace impact of disability-related restroom access, including modification of policies and practices that penalized medically necessary restroom use.

25. Defendants failed to engage in a good-faith interactive process and failed to provide, enforce, and ensure effective reasonable accommodations. Plaintiff

repeatedly notified supervisors and human resources that her approved accommodations were being undermined and were no longer effective.

26. Plaintiff's requests and complaints regarding accommodation enforcement and disability-related policy impacts constitute protected activity.

27. On March 26, 2025, Plaintiff again reported ongoing interference with her approved accommodations.

28. Within hours of this protected complaint, Plaintiff was accused of workplace misconduct based on an allegation she denies.

29. Plaintiff denies engaging in the alleged conduct and denies using vulgar or profane language.

30. Upon information and belief, surveillance cameras and badge-access records existed that could have been reviewed to evaluate Plaintiff's location and conduct.

31.     Upon information and belief, Defendants failed to conduct a reasonable investigation and failed to review available objective evidence before suspending and terminating Plaintiff.

32.     Plaintiff had no prior disciplinary history for vulgar or profane language during her lengthy employment.

33.     Plaintiff was suspended within hours of raising a complaint regarding an approved ADA accommodation, and Defendants terminated her employment approximately forty-eight (48) hours later, on March 28, 2025.

34.     Upon information and belief, substantially younger employees performing the same or substantially similar job duties as Plaintiff, reporting to the same supervisory chain, and subject to the same workplace conduct standards engaged in comparable or more serious workplace language without being suspended or terminated.

35.     Plaintiff was subjected to age-related remarks from coworkers, supervisors, and managers, including inquiries about retirement and suggestions that she should stop working or work from home.

36. As a result of Defendants' conduct, Plaintiff suffered damages including lost wages and benefits, loss of severance, loss of health insurance coverage, emotional distress, and other consequential damages.

COUNT I

ADA – FAILURE TO ACCOMMODATE

37. Plaintiff re-alleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is an individual with a disability within the meaning of the ADA.

39. Plaintiff was a qualified individual with a disability and was able to perform the essential functions of her position with reasonable accommodations.

40. Defendants knew of Plaintiff's disabilities and approved accommodations, including purchasing an ergonomic chair and establishing a workstation near the restroom. As additional accommodation, Plaintiff was permitted to remain at her

assigned desk during a period of open seating while building renovations were underway.

41. Defendants failed to consistently enforce and protect the approved accommodations and failed to take corrective action after Plaintiff reported repeated interference.

42. Defendants also failed to reasonably address the workplace impact of Plaintiff's disability-related need for restroom access and related policy enforcement, including by requiring time docking for medically necessary restroom use and by failing to modify related policies and practices as a reasonable accommodation.

43. As a direct and proximate result, Plaintiff suffered damages.

COUNT II

ADA – RETALIATION

44. Plaintiff re-alleges paragraphs 1 through 36 as though fully set forth herein.

45. Plaintiff engaged in protected activity by requesting and complaining about enforcement of approved accommodations and disability-related policy impacts.

46. Defendants knew of Plaintiff's protected activity. The HR Manager who received the March 26 complaint and who decided on the suspension and termination knew of the protected complaint when acting.

47. Defendants suspended Plaintiff within hours of her March 26, 2025 protected complaint and terminated her on March 28, 2025.

48. The close temporal proximity, absence of prior discipline for the alleged conduct, and Defendants' failure to conduct a reasonable investigation support a causal connection between Plaintiff's protected activity and the adverse actions.

49. As a direct and proximate result, Plaintiff suffered damages.

COUNT III

ADEA – AGE DISCRIMINATION

50. Plaintiff re-alleges paragraphs 1 through 36 as though fully set forth herein.

51. Plaintiff was at least 40 years old, specifically 73 years old at the time of her termination and is within the class protected by the ADEA.

52. Plaintiff was qualified for her position of Internal Support Group Customer Service Representative and had a long work history with Defendants.

53. Defendants terminated Plaintiff and did not impose similar discipline on substantially younger employees accused of comparable conduct.

54. Plaintiff was subjected to age-related remarks, including inquiries about retirement from area supervisors, and coworkers and managers asking when she would retire.

55. Plaintiff's age was the but-for cause of Defendants' decision to terminate her employment. See *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009).

56. As a direct and proximate result, Plaintiff suffered damages.

## COUNT IV

## FLORIDA CIVIL RIGHTS ACT

57.     Plaintiff re-alleges paragraphs 1 through 36 as though fully set forth herein.

58.     Defendants discriminated against Plaintiff because of handicap/disability and age, and retaliated against Plaintiff for protected activity, in violation of Fla. Stat. § 760.10.

59.     Plaintiff satisfied all statutory prerequisites and conditions precedent to bring suit under the Florida Civil Rights Act.

60.     As a direct and proximate result, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and award:

A. Back pay, including lost wages and benefits;

B. Reinstatement to her former position, or, in the alternative, front pay;

C. Compensatory damages as permitted by law;

D. Liquidated damages under the ADEA for willful violations;

E. Punitive damages where permitted by law under applicable statutes;

F. Declaratory relief;

G. Permanent injunctive relief requiring Defendants to comply with applicable employment laws;

H. Reasonable attorneys' fees (if applicable), costs, and other litigation expenses as permitted by statute;

I. Pre-judgment and post-judgment interest; and

J. Such other relief as the Court deems just and proper.

DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Karen Walker

**Karen Walker**

1715 Chapel Tree Circle – Unit A

Brandon, FL 33511

Phone: 404-285-6291

walkerkaren99@yahoo.com

Pro Se Plaintiff

Dated: 03/09/2026